[Civ. No. 7142. Fourth Dist. Nov. 21, 1962.]

CARL L. HOFFMAN, Plaintiff and Appellant, v. RIVER-
SIDE CITY SCHOOL DISTRICT, Defendant and Re-
spondent.

Richman, Garrett & Ansell, Lewis Garrett and Lionel Rich-
man for Plaintiff and Appellant.

Ray T. Sullivan, Jr., County Counsel, James H. Angell, As-
sistant County Counsel, and John Woodhead, Deputy County
Counsel, for Defendant and Respondent.

SHEPARD, J.—This is an appeal from an order denying
plaintiff's application for a preliminary injunction.

### FACTS

This cause comes to us as one of four appeals respecting
which the parties have stated by stipulation in writing filed
with this court that "the matters of law and fact are similar
in all four cases" and that therefore the four cases may be
consolidated for purposes of appeal and for briefs.

It appears from the whole record without contradiction that
plaintiff, at all times mentioned in the complaint, was a dele-
gate and member officer of numerous labor unions and that
his activities in the cases were in such representative capacity,
although it is also alleged that he is a taxpayer of the City
of Riverside.

By his complaint he alleges that he is a taxpayer of the City
of Riverside, and brings this action in his own behalf and on
behalf of other taxpayers; the political entity of defendant
school district; board of trustee control of defendant dis-
trict; that on January 20, 1961, defendant caused to be pub-
lished a notice calling for bids for school construction; that
the notice specified the minimum hourly wage for the crafts
involved and that defendant declared therein that it was act-
ing pursuant to the Labor Code; that wage rates had, prior
to publication of the notice, been established by a collective
bargaining agreement and the rates so established had been
accepted for federal public works in the defendant's locality;

that the wage rate per hour set forth in said collective bargaining agreement is the same wage rate per hour set forth in said notice; that said collective bargaining agreement also contains additional benefits for health, welfare, vacation, holiday and pensions; that on March 1, 1961, defendant let the construction contract. Plaintiff prayed for injunctive relief to prevent payment of any money on account of said construction contract, contending that the contract is void. Nowhere in the complaint does plaintiff allege that he ever approached the defendant's board of trustees in an effort to obtain a correction of what he appears to contend are erroneous wage rates. Nowhere does plaintiff allege that he made any attempt to follow the administrative procedure provided by Labor Code section 1773.4. Nowhere does he allege that the collective bargaining agreements referred to by him were ever called to the atttention of the defendant or that a copy of said agreement was ever filed with the Director of Industrial Relations. After issuance of an original restraining order a hearing on an order to show cause was apparently had, the restraining order was dissolved and the preliminary injunction was denied. Plaintiff appeals.

### ADMINISTRATIVE REMEDY

The facts and the law material to the right of the plaintiff to a preliminary injunction are, for all practical purposes, identical with those involved in *Hoffman* v. *Pedley School District*, No. 6872, *ante*, p. 72 [26 Cal.Rptr. 109], filed this day. For the reasons set forth in that opinion, the order is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 16, 1963.